UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN L. PITCHER,
                       Plaintiff,

v.                                                   3:05-CV-672
                                                   (LEK/GHL)
MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,
                       Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

HINMAN, HOWARD & KATTELL, LLP          EUGENE D. FAUGHNAN, ESQ.
*Counsel for Plaintiff*
700 Security Mutual Building
80 Exchange Street
PO Box 5250
Binghamton, New York 13902-5250

HON. GLENN T. SUDDABY                      WILLIAM H. PEASE, ESQ.
United States Attorney for the                 Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT AND RECOMMENDATION**[2]

### I.    BACKGROUND

    **A.**    **Procedural History**

---

    [1] The complaint named Jo Anne B. Barnhart as Defendant, then the Commissioner of Social Security. On February 12, 2007, Michael J. Astrue assumed that position. Therefore, he shall be substituted as the named Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

    [2] This matter was referred to me for report and recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

Plaintiff protectively filed the current application for supplemental security income ("SSI") and disability insurance benefits ("DIB") on February 21, 2003, alleging disability as of January 3, 2003 due to herniated thoracic discs and a groin hernia. (Administrative Transcript ("T") at 241-43, 261, 533-35.) The application was denied initially. (T. at 230-34, 536-41.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 7, 2004, before ALJ Joseph Leary. (T. at 235, 542-78.) ALJ Leary issued an unfavorable decision against Plaintiff on May 19, 2004. (T. at 20-30.) This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (T. at 5-7.) This action followed.

    B.    **The Contentions**

Plaintiff makes the following claims:

(1) The ALJ failed to properly apply the treating physician rule. (Dkt. No. 6 at 9-10.)

(2) The ALJ's finding of non-disability is not supported by substantial evidence. (Dkt. No. 6 at 6-8.)

(3) The ALJ improperly assessed Plaintiff's credibility. (Dkt. No. 6 at 10-13.)

(4) The ALJ erroneously relied on the Dictionary of Occupational Titles and vocational expert testimony when concluding that Plaintiff could perform work which exists in significant numbers in the national economy. (Dkt. No. 6 at 13-14.)

Defendant disagrees, and argues that the decision should be affirmed. (Dkt. No. 7 at 1-16.)

**II.**    **APPLICABLE LAW**

    A.    **Standard for Benefits**

To be considered disabled, a plaintiff seeking disability benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2004).  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the SSA has promulgated regulations establishing a five-step sequential evaluation process to determine disability.  20 C.F.R. § 404.1520 (2005).  "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b).  At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c).  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies.  [20 C.F.R. §§] 404.1520(d), 416.920(d).  If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[1]  If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[1] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25 (other citations omitted)).

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, *4 (S.D.N.Y. Apr. 15, 2003); *Serrano*, 2003 WL 22683342 at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (U.S. 1971) (quoting

*Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *see also Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial evidence supporting the ALJ's decision.  *Williams*, 859 F.2d at 258.

**III.   THE PLAINTIFF**

Plaintiff was forty-four years old at the time of the ALJ's decision.  (T. at 241).  He completed high school.  (T. at 21.)  He has past relevant work experience as a truck driver.  (T. at 21.)  Plaintiff alleges disability due to multiple medical impairments, including back pain, herniated thoracic disks, groin hernia, and deep venous thrombosis of the left leg.  (T. at 458.)

**IV.   THE ALJ'S DECISION**

The ALJ found that: (1) Plaintiff met the nondisability requirements for a period of disability and DIB set forth in Section 216(i) of the Social Security Act and was insured for benefits through the date of the decision; (2) Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date; (3) Plaintiff's low back and thoracic strain were "severe" under the regulations; (4) these medically determinable impairments did not meet or equal one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"); (5) Plaintiff's allegations regarding his limitations were not totally credible; (6) Plaintiff retained the residual functional capacity ("RFC") to lift and carry ten pounds occasionally and five pounds frequently, without lifting items off the floor;

to sit, stand and walk for eight hours in a workday with a sit/stand option; and to occasionally bend at the waist and reach within arm's length, but not reach overhead, crouch, crawl, climb, kneel, or balance; (7) Plaintiff was unable to perform any of his past relevant work; (8) Plaintiff was a "younger individual" within the meaning of 20 C.F.R. §§ 404.1563, 416.963; (9) Plaintiff had a high school education; (10) transferability of skills was not an issue in this case; (11) Plaintiff retained the RFC to perform a significant range of sedentary work; (12) although Plaintiff's exertional limitations did not allow him to perform the full range of sedentary work, using Medical-Vocational Rule 201.28 as a framework for the decision, there were a significant number of jobs in the national economy that Plaintiff could perform, including service dispatcher, stationary guard, hand packager, and hand assembler; and (13) Plaintiff was not under a disability within the meaning of the Social Security Act at any time through the date of the decision.  (T. at 29-30.)

V.    DISCUSSION

    A.    **The ALJ Properly Applied the Treating Physician Rule.**

Plaintiff argues that the ALJ erred in failing to give controlling weight to Dr. Hastings' April 6, 2004 opinion that Plaintiff could not work full-time on a regular or reliable basis.  (Dkt. No. 6 at 9-10.)  Defendant argues that the ALJ correctly assessed the weight to be given to Dr. Hastings' various opinions.  (Dkt. No. 7 at 7-9.)  Ordinarily, a treating physician's opinion is entitled to considerable deference, provided that it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence of record.  *Veino v. Barnhart*, 312 F.3d 578 (2d Cir. 2002); *Barnett v. Apfel*, 13 F. Supp. 2d 312 (N.D.N.Y. 1998).  Such opinions are not controlling, however, if contrary to other substantial evidence in the record, including the treating physician's own contradictory findings as well as opinions of other medical

experts. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *Veino*, 312 F.3d at 588.  Where conflicts arise in the form of contradictory medical evidence, their resolution is properly entrusted to the Commissioner.  *Veino*, 312 F.3d at 588.

The ALJ must properly analyze the reasons for giving less than controlling weight to a treating physician's opinion.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Halloran*, 362 F.3d at 32. An ALJ may not arbitrarily substitute his own judgment for competent medical opinion.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  However, the ultimate determination of whether a person meets the statutory definition of disability is left with the Commissioner and the ALJ is under no duty to afford controlling weight to any opinion as to such determination.  20 C.F.R. § 416.927(e)(1).

In deciding what weight, if any, an ALJ should accord to medical opinions, he may consider a variety of factors including "[t]he duration of a patient-physician relationship, the reasoning accompanying the opinion, the opinion's consistency with other evidence, and the physician's specialization or lack thereof[.]"  *See Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (discussing 20 C.F.R. §§ 404.1527, 416.927).  Failure to apply the appropriate legal standards for considering a treating physician's opinion is a proper basis for reversal and remand, as is the failure to provide reasons for rejection of a treating physician's opinion.  *Johnson*, 817 F.2d at 985-86; *Barnett*, 13 F. Supp. 2d at 316-17.

In this case, Dr. Hastings gave two opinions of Plaintiff's physical capacities.  The first, issued on February 4, 2004 in response to Plaintiff's counsel's request, indicated that Dr. Hastings agreed with physical therapist Todd Mansfield's assessment of Plaintiff's capacities.  (T. at 525.) That assessment, performed on November 18, 2003 at the direction of Dr. Hastings, found that

Plaintiff retained the RFC to perform light work in accordance with the regulations.[3]  (T. at 526.)  On April 6, 2004, Dr. Hastings issued another opinion, again at the request of Plaintiff's counsel, in which he replied "no" to a question by counsel which asked whether Plaintiff was able to engage in substantial gainful activity on a regular and reliable basis, defined as eight-hour workdays five days per week.  (T. at 532.)  Dr. Hastings stated that "treatment limitations" imposed by worker's compensation did not allow Plaintiff to accomplish this.  (T. at 532.)  The basis for this opinion was stated as follows: "Recurrence of symptoms, med[ications] required to control pain, further physical conditioning needs to occur (sic) the other body regions through [patient] independent exercise."  (T. at 532.)

The ALJ analyzed both of these opinions in the context of the medical record as a whole, and decided that Dr. Hastings' April 2004 opinion was not supported by substantial evidence and conflicted with his earlier opinion of February 2004.  (T. at 26, 525, 532.)  The ALJ noted that between February 2, 2004, when Dr. Hastings agreed that Plaintiff was capable of performing light work, and April 6, 2004, when he answered "no" to the question of whether Plaintiff could perform work on a "regular and reliable" basis, he had not examined Plaintiff.  (T. at 26.)  Moreover, he provided no substantive explanation, based on objective clinical findings, of why Plaintiff could no longer perform light work.  (T. at 26, 532.)

The Court finds that the ALJ's decision to afford less than controlling weight to Dr. Hastings'

---

[3] To find a residual functional capacity for light work, the Commissioner must find that an individual is able to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  20 C.F.R. § 404.1567(b).  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  *Id*.  To be considered capable of performing a full or wide range of light work, a claimant must have the ability to do substantially all of these activities.  *Id*.  If someone can do light work, they are presumed able to do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  *Id*.

April 2004 was based on substantial evidence. As the ALJ noted, the opinion stood in contrast to Dr. Hastings' earlier opinion and was inconsistent with the medical record as a whole. For example, objective clinical findings showed that Plaintiff had only a tiny protrusion of the disk at L4-5 and mild disk narrowing at T8-9 and T9-10, with no nerve root compression. (T. at 310-11.) After participating in a full course of physical therapy which concluded on March 28, 2003, Plaintiff's costovertebral pain had resolved, he had a full range of motion of the back, and reported being pain-free. (T. at 315.) Thus, for the reasons stated above, it was proper for the ALJ to give greater weight to Dr. Hastings' February 2004 opinion and to discount the April 2004 opinion. In doing so, the ALJ correctly applied the treating physician rule.

B.    **Substantial Evidence Supports the Commissioner's Finding of Non-Disability.**

Plaintiff argues that the ALJ erred in finding that Plaintiff retained the RFC to perform a significant range of sedentary work.[4] (Dkt. No. 6 at 6-8.) Specifically, Plaintiff contends that the ALJ's RFC determination conflicts with the April 2004 opinion of Dr. Hastings. (Dkt. No. 6 at 8.) Because the Court has already determined that the ALJ's decision to afford this opinion less than controlling weight was proper, the Court rejects Plaintiff's argument in this regard.

The ALJ's decision contains a thorough analysis of the medical evidence and sets forth a clear rationale supporting his RFC determination. (T. at 22-26.) The ALJ's decision is supported by

---

[4] The ALJ found that Plaintiff retained the RFC to lift and carry ten pounds occasionally and five pounds frequently, but could not lift items off the floor; to sit, stand, and/or walk for eight hours out of an eight-hour workday with a sit-stand option; to occasionally bend at the waist but not reach within arm's length; and never crouch, crawl, climb, kneel, climb, balance, or reach overhead. (T. at 25.) According to the ALJ, Plaintiff retained full use of his upper extremities. (T. at 25.) This RFC makes Plaintiff capable of a significant range of sedentary work, which requires that an individual is able to lift at least ten pounds at a time, carrying articles like files, ledgers, and small tools. 20 C.F.R. § 404.1567(a); SSR 96-9p, 1996 WL 374185, at *3. An individual must be able to sit for at least six hours, with only routine breaks. SSR 96-9p, at *6. A morning break, a lunch period, and an afternoon break at approximately two-hour intervals constitute routine breaks. Id.; see also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004)(noting that sedentary work does not require an individual to remain motionless for six hours). An individual must also be able to walk and stand for up to two hours. SSR 96-9p, at *6.

objective clinical findings, including Dr. Floyd's notations of improvement in Plaintiff's back pain (T. at 337-39); Dr. Reader's physical examination, which showed a negative straight leg raising ("SLR") test, normal reflexes and normal sensation in the upper extremities (T. at 458-62); and Dr. Hastings' February 2004 opinion, which agreed that Plaintiff was capable of performing light work. (T. at 525.) Morever, Dr. Reader's opinion that Plaintiff had moderate limitations only with heavy lifting and carrying, prolonged sitting, squatting, bending, standing, and walking is consistent with the ALJ's ultimate conclusion regarding Plaintiff's RFC. (T. at 25, 461.)

Because the ALJ's RFC determination was supported by substantial evidence and was based on the correct application of legal principles, the Court declines to recommend remand on this basis.

### C. The ALJ Properly Assessed Plaintiff's Credibility.

Plaintiff argues that the ALJ improperly evaluated his credibility. (Dkt. No. 6 at 10-13.) The ALJ has discretion to appraise the credibility of witnesses, including testimony of a plaintiff concerning subjective complaints of pain. *See Mimms v. Heckler*, 750 F.2d 180, 185-86 (2d Cir. 1984). After considering a claimant's subjective testimony, the objective medical evidence, and any other factors deemed relevant, the ALJ may accept or reject a claimant's subjective testimony. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (2007); *Martone*, 70 F. Supp. 2d at 151.

If the ALJ rejects a claimant's subjective testimony, he or she must explicitly state the basis for doing so with sufficient particularity to enable a reviewing court to determine whether those reasons for disbelief were legitimate, and whether the determination is supported by substantial evidence. *Martone*, 70 F. Supp. 2d at 151 (citing *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987). Where the ALJ's findings are supported by substantial evidence, the reviewing court must uphold the ALJ's decision to discount Plaintiff's subjective complaints of pain. *Aponte v.*

*Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (citing *McLaughlin v. Sec'y of Health, Educ. & Welfare*, 612 F.2d 701 (2d Cir. 1980).

The ALJ's decision acknowledged the existence of severe impairments and Plaintiff's accompanying allegations of pain and limitations, but found that Plaintiff's testimony regarding the extent of his symptoms was not consistent with the medical record as a whole. (T. at 25-26.) The ALJ discussed Plaintiff's daily activities, which included cooking, cleaning, driving, shopping, watching television, listening to the radio, and driving for up to an hour at a time without any pain medication. (T. at 25, 459, 463, 466, 557, 564-65.) The ALJ also considered Plaintiff's testimony that he could lift a gallon of milk, sit and stand for thirty to forty-five minutes at a time, and walk up to one-fourth of a mile at a time. (T. at 25, 555.) Plaintiff also testified that medications and osteopathic manipulation from Dr. Hastings help to alleviate his pain. (T. at 25, 551-52, 554.) The ALJ also noted that Plaintiff was observed to stand without pain several times during the hearing. (T. at 25.) The ALJ thus considered the appropriate factors when weighing Plaintiff's credibility, and was within his discretion in finding Plaintiff's subjective complaints not entirely credible. *See Mimms*, 750 F.2d at 185-86.

The ALJ followed the proper analysis in discounting Plaintiff's subjective complaints of pain. The ALJ's credibility determination was properly explained and supported by substantial evidence of record, and thus cannot be disturbed on review. *Aponte*, 728 F.2d at 591.

**D.     The ALJ Properly Relied on the Dictionary of Occupational Titles and Vocational Expert Testimony in Determining that Plaintiff was Able to Perform Work Existing in Significant Numbers in the National Economy.**

Plaintiff contends that the ALJ erred in relying on the testimony of a qualified vocational expert ("VE"), who based her testimony on the Dictionary of Occupational Titles and Bureau of

Labor Statistics numbers. (Dkt. No. 6 at 13-14.) Plaintiff argues that there is no one-to-one relationship between the occupations described in the Dictionary of Occupational Titles ("DOT") and the Bureau of Labor Statistics numbers for such jobs, and that there is no way the VE could testify as to the existence of specific DOT titles with any certainty or confidence. (Dkt. No. 6 at 14.) The ALJ rejected this argument in his decision, noting that the regulations allow the Commissioner to rely on the testimony of a VE as well as the DOT and Bureau of Labor Statistics numbers. (T. at 27-28.)

The ALJ's decision was proper. The regulations make specific provision for reliance on the Dictionary of Occupational Titles, Bureau of Labor statistics numbers, and the testimony of vocational experts. *See* 20 C.F.R. §§ 404.1566, 404.1569, 404.1569a; 20 C.F.R. Part 404 Subpart P, App. 2 § 200.00(a)(e)(2); S.S.R. 00-4p, 2000 WL 1898704, *Use of Vocational Expert Evidence and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions* (S.S.A. 2000); *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986). As such, the ALJ was entitled to rely on the Dictionary of Occupational Titles as well as the VE's testimony.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Commissioner's decision denying disability benefits be **AFFIRMED;** and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.
**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 13, 2008
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge